Benjamin Schonbrun SBN 118323
schonbrun.ben@gmail.com
Michael D. Seplow, SBN 150183
mseplow@aol.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

Attorneys for Plaintiff
Margaret Jurczak

FILED
CLERK, U.S. DISTRICT COURT
JUL 29 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| MARGARET JURCZAK, an individual,<br><br>Plaintiff,<br><br>v.<br>MICHAEL BROWN, Former Commissioner, California Highway Patrol; OFFICER DOE CONDRAY; OFFICER DOE AVERETT; and DOES 1-10,<br><br>Defendants. | CASE NO. EDCV 08-0815 VAP (FMOx)<br><br>[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS<br><br>Judge Virginia A. Phillips<br><br>Mag. Judge Fernando M. Olguin<br><br>NOTE CHANGES MADE BY THE COURT. |

1. Defendants and Plaintiff have agreed that the below-listed documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private or sensitive nature. This will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential

1.

1  Documents," "Confidential Material Subject to Protective Order" or words of
2  similar effect. Documents and writings so designated (hereinafter, collectively,
3  "Confidential Information"), shall be treated in accordance with the terms of this
4  stipulation/protective order. Documents, writings and things to be designated as
5  such, include the following:

6      (a)    Any personnel or citizen complaints, including related
7  investigations by the California Highway Patrol ("CHP"), made against defendant
8  Chad Averett, with personal and sensitive information of the complainant(s)
9  and/or C.H.P. personnel redacted;[1]

11    2.    Confidential Information may be used by the persons receiving such
12  information [hereinafter "Receiving Party(ies)"] only for the purpose of this
13  above-captioned litigation, and for no other purpose.

15    3.    Subject to the further conditions imposed by this protective order,
16  Confidential Information may be disclosed only to the following persons:
17      (a)    The attorneys of record for the parties to this action, and by
18  persons acting under the direction and control of counsel;
19      (b)    The employees of the State of California;
20      (c)    A person retained by a party or the attorneys of record to assist
21  in this action, such as an expert witness, consultant, or other technical expert, who
22  has signed an acknowledgment in the form of "Exhibit A" hereto. Further no
23  such disclosure shall be made to any such person unless such person signs an
24  acknowledgment in the form of Exhibit "A" hereto;
25      (d)    Any court reporter employed or retained to transcribe a

---

[1]. After the production of these documents, Plaintiff shall have the right to seek further relief from the court, including an order requiring disclosure of the first and last name, as well as the contact information, of any complainant(s).

2.

deposition, hearing, or other proceeding in this case;

(e) ~~Appropriate~~ Judges or court personnel ~~before whom any hearing or other proceeding in this case is heard~~.

4. No additional copies, extracts, summaries or other material prepared from any discovery responses or documents designated by Defendants in this action as confidential shall be made except by the parties' counsel or persons acting under the direction and control of counsel, and then only for the purpose of this litigation only, and for no other purpose.

5. All copies, extracts, summaries or other material in the documents designated by Defendants in this action as confidential are subject to the protective order, must bear a legend to that effect, and cannot be disclosed to any person other than the parties' counsel and persons acting under the direction and control of counsel.

6. ~~Discovery documents designated by Defendants in this action as Confidential Information may not be submitted as evidentiary matter in this litigation without the consent of the State of California unless the use of such documents has been authorized by the court following in-camera inspection to enable the court to rule on any evidentiary objections.~~

7. If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for Defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order.

Case 5:08-cv-00815-VAP-FMO Document 44 Filed 07/29/09 Page 4 of 6 Page ID #:440

8. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain Confidential Information shall be filed and maintained under seal pursuant to Local Rule 79-5. If any papers to be filed with the Court contain Confidential Information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.

9. Nothing herein shall prejudice any party's right to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. The party designating information, documents, materials, or items as confidential bears the burden of establishing the confidentiality. Within 7 days after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this protective order and the basis for the Receiving Parties' objection. If no written objection is made within that time frame, the documents shall be deemed confidential. If a written objection is made, the Disclosing Party shall, within 21 days of receipt of the written objection notice, file a motion pursuant to Local Rule 37 seeking an order from the Court retaining the documents within the Protective Order. The counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing Parties motion to maintain the confidentiality of said documents.

11. At the conclusion of this action (upon settlement or when judgment is

final), all originals or copies of any confidential information, documents, materials, or items produced by Defendants in this action shall be returned promptly to counsel for the Defendants.

12. This order shall govern the use of all information, documents, materials, or items designated confidential by Defendants in this action in all proceedings. In the event this action results in a trial, any party desiring to make public any confidential material shall notify counsel for the State of California, in writing, in sufficient time in advance of the disclosure to provide the State of California an opportunity to seek judicial protection regarding such disclosure.

**IT IS SO ORDERED.**

Dated: 7/29/09   By: _____
                     Hon. Fernando M. Olguin
                     United States District Magistrate Judge

5.

# EXHIBIT A

I understand that I am being given access to Confidential Information pursuant to the foregoing Stipulation and Order. I have read the Stipulation and Order and agree to be bound by its terms with respect to the handling, use, and disclosure of such Confidential Information.

Dated:

Signed: _____